USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 9/9/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GERALD VAUGHN,

                Petitioner,

v.

JOSEPH WARD, *Superintendent of Marcy Correctional Facility*,

                Respondent.

No. 19-CV-6596 (RA)

ORDER ADOPTING
REPORT AND RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

On July 16, 2019, Petitioner Gerald Vaughn, proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition") in connection with his state-law conviction for attempted gang assault in the first degree, attempted assault in the first degree, and assault in the second degree. Dkt. 2. On July 23, 2019, the Court ordered Respondent to file and serve, within 60 days of its Order, an answer to the Petition, as well as the transcripts and briefs identified in Rule 5 of the Rules Governing Section 2254 Cases in the United States District Court (the "2254 Rules"). Dkt. 4. On September 20, 2019, Respondent instead filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. §§ 2254(b), (c), on the ground that Petitioner had failed to exhaust his claims pursuant to § 2254(b). Dkt. 7. On May 29, 2020, Magistrate Judge Kevin Nathaniel Fox, to whom this matter was referred, issued a Report and Recommendation (the "Report") recommending that the Court deny Respondent's motion and that it direct Respondent to comply with the Court's July 23, 2019 Order within 14 days. Dkt. 12. Respondent filed objections on June 22, 2020. Dkt. 13.

The Court assumes the parties' familiarity with the facts and procedural history of this case. After reviewing the Report and Respondent's objections, the Court adopts the Report.

Respondent's motion to dismiss is therefore denied.

## LEGAL STANDARDS

When a magistrate judge has issued a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made [therein]." 28 U.S.C. § 636(b)(1). "When a timely and specific objection to a report and recommendation is made, the Court reviews *de novo* the portion of the report and recommendation to which the party objects." *Razzoli v. Federal Bureau of Prisons*, No. 12 Civ. 3774 (LAP) (KNF), 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014) (citing 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72(b)(3)); *see also Time Square Food Imports LLC v. Philbin*, No. 12 Civ. 9101 (PAE) (HBP), 2014 WL 521242, at *2 (S.D.N.Y. Feb. 10, 2014) (requiring objections to be "specific and clearly aimed at particular findings in the magistrate judge's report") (internal quotation marks and citation omitted). "To accept those portions of the report to which no timely objection has been made, however, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" *Razzoli*, 2014 WL 2440771, at *5 (quoting *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). "[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments," however, "the Court reviews the Report and Recommendation only for clear error." *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002). "A magistrate judge's decision is clearly erroneous only if the district court is 'left with the definite and firm conviction that a mistake has been committed.'" *Stenson v. Heath*, No. 11-CV-5680 (RJS) (AJP), 2015 WL 3826596, at *2 (S.D.N.Y. June 19, 2015) (citation omitted). Additionally, the Court must also be mindful that a *pro se* litigant's submissions are to be "construed liberally and interpreted so as to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (alterations,

internal quotation marks, and citation omitted).

## DISCUSSION

Respondent primarily objects to Judge Fox's "legal conclusion" that his motion to dismiss was an "improper" response to a petition for habeas corpus, and thus to Judge Fox's decision to decline to reach the merits of the motion. Obj. ¶ 5. Respondent relatedly objects to the Report's finding that he "failed to comply with the Court's July 23, 2019[] order, and Rule 5 governing Section 2254 by filing a motion to dismiss instead of answering the petition." Obj. ¶ 10. As such objections are "general" and reiterate his original arguments, the Court reviews them for clear error. *Walker*, 216 F. Supp. 2d at 292; *see also, e.g.*, *Evans v. Ericole*, No. 06 Civ. 3684 (SCR) (GAY), 2008 WL 4861783, at *2 (S.D.N.Y. Nov. 10. 2008) (reviewing for clear error where petitioner merely "object[ed] in general to the entirety of the Report and Recommendation"); *Wynerman v. Colvin*, No. 16-CV-2886 (RA) (HBP), 2017 WL 3524683, at *2 (S.D.N.Y. Aug. 15, 2017) ("Objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review.") (alterations and citation omitted).

Rule 5(a) of the 2254 Rules provides that "[t]he respondent is not required to answer the petition unless a judge so orders." *See also Mears v. Graham*, No. 13-cv-8737 (AJN), 2014 WL 4060022, at *4 (S.D.N.Y. Aug. 14, 2014) (noting that the current version of the 2254 Rules "require an answer only when the court so requests"). In this case, the Court specifically ordered Respondent to file an answer to the Petition. The Court's July 23, 2019 was labeled an "Order to Answer," and clearly directed Respondent to "file and serve (1) an answer to the petition and (2) the transcripts and briefs identified in Rule 5 of the Rules Governing Section 2254 Cases in the United States District Court" within 60 days. Dkt. 4. While Respondent is correct that a court

may, instead of requiring the filing of an answer, "take other action" in § 2254 habeas cases, such as requiring the filing of a "motion" or "other response" within a certain time period, *see* Rule 4 of the 2254 Rules, the Court did not do so here. And although it is true that "[m]otions to dismiss habeas petitions on procedural grounds pursuant to Rule 12(b)(6) are not inconsistent with the Habeas Rules, given the wide discretion afforded district judges in the disposition of habeas petitions," *Adams v. Greiner*, 272 F. Supp. 2d 269, 271 (S.D.N.Y. 2003), the Court did not direct or authorize the filing of such a motion in this case.[1] Judge Fox could have accepted Respondent's 12(b)(6) motion and decided it on the merits, *see, e.g.*, *Mears*, 2014 WL 4060022, at *4, but he did not err in refusing to do so—especially because this Court directly ordered Respondent to file an answer and supporting papers to the Petition. The Court thus adopts the Report and Recommendation.

Respondent also makes several additional objections to the Report, including to the Report's "description of the petition's claims" as "incomplete and therefore incorrect," Obj. ¶ 7, its characterization of the document filed as Exhibit 3 to the motion to dismiss, *id.* ¶ 9, and its statement that the motion to dismiss was "not in compliance with Local Rule 7.1," *id.* ¶ 11. Although at least some of these objections appear to be meritorious, in light of the Court's determination that Judge Fox did not err in denying Respondent's motion to dismiss on procedural grounds, the Court need not address these ancillary objections.

---

[1] The circumstances here are thus distinct from those present in *Purdy v. Bennett*, 214 F. Supp. 2d 348 (S.D.N.Y. 2002), where the court directed the respondents to file "an answer *or other pleading*" within a particular timeframe, and provided further instructions in the event that respondents decided "to move with respect to the petition." *See Purdy v. Bennett*, No. 01-cv-3636 (LAP) (GWG), Dkt. 3 (emphasis added).

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation. Accordingly, Respondent's motion to dismiss is denied. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 7 and mail a copy of this Order to Petitioner. No later than 60 days from the date of this Order, Respondent shall file and serve (1) an answer to the Petition, and (2) the transcripts and briefs identified in Rule 5 of the Rules Governing Section 2254 Cases in the United States District Court. Petitioner may file and serve reply papers, if any, within 60 days from the date he is served with Respondent's answer.

SO ORDERED.

Dated:   September 9, 2020
         New York, New York

_____
Ronnie Abrams
United States District Judge