USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 04/06/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GERALD VAUGHN,

                           Petitioner,

           v.

JOSEPH WARD, Superintendent, Marcy Correctional Facility,

                           Respondent.

No. 19-CV-6596 (RA)

ORDER ADOPTING
REPORT & RECOMMENDATION

---

RONNIE ABRAMS, United States District Judge:

      Before the Court is Magistrate Judge Fox's Report and Recommendation ("the Report"), dated February 10, 2021, on Petitioner Gerald Vaughn's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Dkt. 19. Vaughn challenges his judgment of conviction and sentence on the grounds that his rights to due process and the effective assistance of counsel were violated when his appellate attorney failed to perfect his appeal, such that his conviction had still not, at the time of the petition, been reviewed by the Appellate Division. *See* Dkt. 2. Respondent seeks dismissal of the habeas petition on the basis that, *inter alia*, Vaughn has failed to exhaust his remedies in state court, and indeed that he is "actively pursuing his post-conviction and appellate remedies in the state court." *See* Dkt. 18 at 17. Judge Fox has recommended that the petition be dismissed without prejudice for failure to exhaust available state-court remedies. *See* Dkt. 19 at 7–10. Neither party has filed objections to the Report.

      A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the

recommended disposition," Fed. R. Civ. P. 72(b)(2), or within 17 days when service is made by mail. *See* Fed. R. Civ. P. 6(d). A court will review *de novo* those portions of a report to which a party files specific objections. 28 U.S.C. § 636(b)(1). "When the parties make no objections," however, "the Court may adopt the Report if 'there is no clear error on the face of the record.'" *Smith v. Corizon Health Servs.*, No. 14-CV-8839 (GBD) (SN), 2015 WL 6123563, at *1 (S.D.N.Y. Oct. 16, 2015) (quoting *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005)). "Furthermore, if as here . . . the magistrate judge's report states that failure to object will preclude appellate review and no objection is made within the allotted time, then the failure to object generally operates as a waiver of the right to appellate review." *Hamilton v. Mount Sinai Hosp.*, 331 F. App'x 874, 875 (2d Cir. 2009) (citations omitted).

In this case, Judge Fox stated that any objections would be due within 24 days of service of the Report, adding an extra ten days to account for "any delay caused by the COVID-19 pandemic." Dkt. 19 at 10. As no objections to the Report were filed within that period, the Court has reviewed Judge Fox's Report for clear error, and found none. Accordingly, the petition for a writ of habeas corpus is dismissed without prejudice. Because the petition makes no substantial showing of a denial of a constitutional right, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c)(2). The Clerk of Court is respectfully directed to mail a copy of this order to Petitioner and to close this case.

SO ORDERED.

Dated:   April 6, 2021
         New York, New York

_____
Ronnie Abrams
United States District Judge

2